E. W. STRICKLIN V. THE STATE.

No. 9981.    Delivered March 10, 1926.

Rehearing denied April 14, 1926.

1.—Burglary—New Trial—Newly Discovered Evidence—Properly Refused.

Where appellant, after conviction for burglary, sets out as a ground for a new trial the affidavits of witnesses of the result of an experiment made at the premises, or of an examination of the burglarized house, would not be considered as newly discovered evidence, there having been ample time in which to secure this evidence before the trial, and the new trial was properly refused.

ON REHEARING.

2.—Same—Bill of Exception—Incomplete—No Error Presented.

For the first time, in his motion for a rehearing, appellant complains of the refusal of the trial court to allow him to argue before the jury that he was intoxicated at the time of the alleged burglary. If there was such refusal on the part of the trial judge, it was not excepted to, nor is it brought before us by any sort of complaint in the record, and presenting no error, the motion for rehearing is overruled.

Appeal from the District Court of Harris County. Tried below before the Hon. C. W. Robinson, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Horace Soule,* Criminal District Attorney; *J. L. Du Mars,* Assistant District Attorney.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney. for the State.

BERRY, JUDGE.—The offense is burglary, and the punishment is two years in the penitentiary.

The only complaint contained in this record is that urged at the action of the court in refusing a new trial because of newly discovered evidence. The alleged newly discovered evidence consists of testimony of an inspection by three witnesses of the window by which it is claimed appellant was seeking to enter the premises; this inspection being made on September 22, 1925, one day after the trial of this case, and is claimed by appellant to be such as should entitle him to a new trial. Appellant attaches to his motion the affidavits of Mrs. Allen, of Mrs. Posey and J. G. Dyess. The first affidavit pertains to the condition of the putty on the window and shows that it is old and had been removed in only a few places and that the alarm attached to the window would not function until the window was removed. The second affidavit shows that the window was nailed down and bore no evidence of having been opened for months. The third affidavit shows that the affiant assisted the owner of the premises in an experiment to see whether the burglar alarm would function and that such alarm would not function until the window was raised. It will be noted that these experiments and observations were all made on the 22nd day of September, while the case was tried on the 21st or one day before. We think that under no decision of this court would this testimony be sufficient to authorize the granting of a new trial. It cannot be seriously contended that the appellant and his counsel could not have made these observations and experiments before the trial instead of after and neither can it be contended that the witnesses whose affidavits are attached to the motion are the only parties that could have made these observations and experiments. We think it clear, in view of the fact that two months had elapsed between the date of the offense and the date of the inspection, and that the inspection

was not made until after the trial, that the court correctly over-ruled appellant's motion for a new trial. Page 70 Branch's Ann. P. C. Id page 127.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant now makes the contention that the court erred in refusing to allow him to argue before the jury that he was intoxicated at the time of the alleged burglary. If there was such refusal on the part of the trial judge, it was not excepted to, nor is it brought before us by any sort of complaint in the record.

The result of an experiment made at the premises, or of an examination of the burglarized house, would seem to be as available at one time as another, and we perceive no reason for holding the examinations made or the experiments at the building after conviction, newly discovered evidence. These are the only matters raised in the motion, and believing them to be without merit, said motion will be overruled.

*Overruled.*